USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAY 1 9 2008

LAW OFFICES

## WICKHAM, BRESSLER, GORDON & GEASA, P.C.
13015 MAIN ROAD, P.O. BOX 1424
MATTITUCK, LONG ISLAND
NEW YORK 11952
——
631-298-8353
TELEFAX NO. 631-298-8565
wwblaw@aol.com

ERIC J. BRESSLER
ABIGAIL A. WICKHAM
LYNNE M. GORDON
JANET GEASA

WILLIAM WICKHAM (06-02)
——
MELVILLE OFFICE
275 BROAD HOLLOW ROAD
SUITE III
MELVILLE, NEW YORK 11747
——
631-249-9480
TELEFAX NO. 631-249-9484

*May 8, 2008*

*The defendants are authorized to move to dismiss, but should do so promptly and on a prompt schedule. There will be no discovery pending the outcome of the motion to dismiss.*

*So ordered*

*Paul A. Crotty*
*USDJ*

May 15, 2008

*Via Email*
*CrottyNYSDChambers@nysd.uscourts.gov*

Honorable Paul A. Crotty
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Chambers 735
Courtroom 20-C
New York, New York 10007

RE:     *Jankousky v. North Fork Bancorporation, Inc. et al.*
          *Index No.: 08-CV-1858(PAC)*

Dear Judge Crotty:

We are the attorneys for defendants and write in response to the request by plaintiff for discovery during the pendency of the motion to dismiss. We oppose the application for the reasons set forth below.

At the Court conference held on April 14, 2008 it was our understanding that either a briefing schedule or a discovery schedule be promulgated. A briefing schedule has been submitted to the Court. Thus, we do not believe that discovery is appropriate or was contemplated by the Court at this time.

The amended complaint served by plaintiff suffers from many of the same defects as the original complaint and inexplicably continues to name defendants now known by plaintiff to be improper parties. Thus, discovery would be burdensome and unwarranted.

MEMO ENDORSED

In the event the motion is successful there will remain only State Law claims with arguably no basis for federal jurisdiction. Accordingly, for this reason discovery is not warranted and this juncture.

We anticipate compliance with the briefing schedule which by Court directive has been kept short in order to promptly address the issues. For this reason and the reasons stated above, the motion should be determined prior to engaging in discovery.

Thank you for your consideration of our position.


Very truly yours,

    /s/

ERIC J. BRESSLER

EJB/rc
cc:   Karen Cacace (via facsimile 212-221-3172)
      Maia Goodell (via facsimile 212-221-3172)
      Vladeck, Waldman, Elias & Engelhard, P.C.
      Attorneys for Plaintiff

VLADECK, WALDMAN, ELIAS & ENGELHARD, P.C.

COUNSELORS AT LAW

1501 BROADWAY

NEW YORK, N.Y. 10036

TEL 212/403-7300

FAX 212/221-3172

KAREN CACACE



WRITER'S DIRECT DIAL

212/403-7386

May 2, 2008

BY HAND

The Honorable Paul A. Crotty
United States District Court
Southern District of New York
Chambers 735
500 Pearl Street, Courtroom 20-C
New York, NY 10007

> Re:    Evelyn Jankousky v. North Fork Bancorporation Inc.
>         Capital One, Financial Corp., Capital One, National Association,
>         and North Fork Bank,
>         Case No. 08 Civ. 01858 (PAC)

Dear Judge Crotty:

We represent plaintiff Evelyn Jankousky in the above-referenced matter. We are enclosing a courtesy copy of plaintiff's Amended Complaint, which we filed today. The Amended Complaint adds Capital One, National Association, and North Fork Bank as defendants.

Ms. Jankousky has claims of sex discrimination and retaliation for complaining about sex discrimination under federal, state and city laws. In addition, Ms. Jankousky has New York Labor Law and common law claims in connection with defendants' failure to pay her 2006 bonus.

As the Court is aware, defendants have stated their intention to proceed with a motion to dismiss Ms. Jankousky's federal discrimination and retaliation claims because plaintiff allegedly named the wrong entities as defendants in her original complaint. The Amended Complaint cures any defect that may have existed in this regard and relates back to the original complaint for purposes of computing timeliness under Fed. R. Civ. P. 15(c)(1)(C). Moreover, even if defendants' motion were successful, it does not effect the viability of plaintiff's remaining

Honorable Paul A. Crotty
May 2, 2008
Page 2

claims, which are based on the same facts. Accordingly, plaintiff requests that the Court order discovery to proceed during the pendency of the motion.

Respectfully submitted,

Karen Cacace

Karen Cacace

KC:rlg
Enclosure
cc:    Eric J. Bressler (by email, w/enclosure)