UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

EVELYN A. JANKOUSKY,

                           Plaintiff,            *Index No.: 08 CV-01858(PAC)*

      -against-

NORTH FORK BANCORPORATION INC.,
CAPITAL ONE, FINANCIAL CORP, CAPITAL
ONE, NATIONAL ASSOCIATION, and
NORTH FORK BANK,

                         Defendants.

------------------------------------------------------------X


## DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO DISMISS


WICKHAM, BRESSLER, GORDON & GEASA, P.C.
Attorneys for Defendants
275 Broad Hollow Road- Suite 111
Melville, New York 11747

TABLE OF CONTENTS

Page

STATEMENT OF CASE ........................................................................................2
   A.  PROCEDURAL HISTORY........................................................................2
   B.  STATEMENT OF FACTS..........................................................................2
   C.  THE APPLICABLE STANDARD ............................................................3

ARGUMENT
   POINT I
   SINCE NORTH FORK BANCORPORATION, INC. AND
   CAPITAL ONE, FINANCIAL CORP. DID NOT EMPLOY
   PLAINTIFF THE MOTION TO DISMISS SHOULD BE GRANTED ..................4

   POINT II
   SINCE NO CLAIM FOR GENDER DISCRIMINATION WAS MADE
   WITH THE EEOC AS TO NORTH FORK BANCORPORATION, INC. AND
   CAPITAL ONE, FINANCIAL CORP., THE ACTION UNDER
   42 U.S.C 2000e MAY NOT BE MAINTAINED AGAINST THEM ....................5

   POINT III
   SINCE NO ACTION WAS TIMELY COMMENCED AGAINST
   NORTH FORK BANK OR CAPITAL ONE N.A. WITH RESPECT TO GENDER
   DISCRIMINATION UNDER 42 U.S.C. §2000e, THE MOTION TO DISMISS
   AS TO THESE CLAIMS SHOULD BE GRANTED ............................................6

   POINT IV
   SINCE NORTH FORK BANK AND NORTH FORK
   BANCORPORATION, INC. WERE NOT AND ARE NOT IN
   EXISTENCE, THEY ARE NOT PROPER PARTY DEFENDANTS....................9

   POINT V
   SINCE THERE IS NO BASIS FOR FEDERAL QUESTION
   JURISDICTION, THE COURT SHOULD DISMISS THE
   STATE LAW CLAIMS ..........................................................................................9

CONCLUSION........................................................................................................10

# TABLE OF AUTHORITIES

Page

Lind v. Vanguard Offset Printers, Inc., 857 Supp. 1060 (SDNY, 1994) ........................................3

Lockleer v. Bergman & Bering, AB 224 FRD 377 (D.Md, 2004)................................................8

Miller v. Northwest Region Library Board et al. 348 FSupp. 563 (MDNC, 2004) .....................8

Rossman v. Fleet Bank (R.I.) Nat. Assn., 280 F3d 384 (3rd Cir. 2002)........................................3

Rossi v. Gemma, 789 F3d26 (1st Cir.2007) ..................................................................................9

Shiavone v. Fortune, 477 U.S.21, 106 SCt2379, 91 Ed2d 18(1986).........................................7,8

Stuto v. Fleishman, 164 F3d 820 (2d Cir. 1999) ..........................................................................3

## STATEMENT OF THE CASE

### A. PROCEDURAL HISTORY

On February 28, 2008, Plaintiff commenced this action by filing a complaint. The Complaint alleged violations of 42 U.S.C. §2000e et seq. parallel State and Local statutes relating to gender discrimination arising out of termination of employment. The Complaint also alleged various state laws employment related claims. Named as defendants in this action were North Fork Bancorporation, Inc. and Capital One, Financial Corp. (sic)

On March 26, 2008 the then named defendants requested a pre-motion conference in anticipation of a motion to dismiss. The thrust of the proposed motion was that the named defendants had no employment relationship with plaintiff. A pre-motion conference was held on April 14, 2008 and North Fork Bank was identified as plaintiff's employer and Capital One, N.A. was identified as the successor by merger to North Fork Bank.

On May 2, 2008 plaintiff amended her complaint. Rather than name the proper defendant, plaintiff added two additional defendants to wit: North Fork Bank and Capital One, N.A., leaving as parties the original defendants, despite a request to correct this situation, plaintiff has refused to name only the proper party defendant. Defendants now move for judgment dismissing the complaint against all defendants.

### B. STATEMENT OF FACTS

Plaintiff was employed for approximately six years with North Fork Bank. Her employment was terminated in March, 2007. In June, 2007 plaintiff filed a charge with the United States Equal Employment Opportunity Commission ("EEOC") alleging gender discrimination and retaliation against North Fork Bank. In September, 2007 Capital One, N.A.,

successor by merger, responded to the allegations in the complaint. In December, 2007 a right to sue letter was issued with respect to the claim against North Fork Bank.

An action was commenced against North Fork Bancorporation, Inc. and Capital One, Financial Corp. in March, 2008. No action was commenced against North Fork Bank or Capital One, N.A. until May, 2008. No charge was ever filed with the EEOC against North Fork Bancorporation, Inc. or Capital One, N.A.

North Fork Bancorporation was a Delaware Corporation and was not in the business of banking. Capital One Financial Corporation is a Delaware Corporation and was not and is not in the business of banking. In December, 2006 North Fork Bancorporation, Inc. merged into Capital One Financial Corporation and Capital One Financial Corporation thereby became the successor by merger to North Fork Bancorporation, Inc. North Fork Bank was a federally insured New York State chartered bank and a wholly owned subsidiary of North Fork Bancorporation, Inc. Capital One, N.A. was and is a federally chartered national banking association and a wholly owned subsidiary of Capital One Financial Corporation. In August, 2007 North Fork Bank merged with Capital One, N.A. and Capital One, N.A. thereby became the successor by merger to North Fork Bank.

C. THE APPLICABLE STANDARD

A motion to dismiss under Federal Rules of Civil Procedures 12(b) should be granted if under the set of facts set forth in the complaint no relief could be granted. Lind v. Vanguard Offset Printers, Inc., 857 Supp. 1060 (SDNY, 1994). Documents which are referenced in the complaint or upon which the allegations in the complaint are based may be considered on a motion to dismiss, Stuto v. Fleishman, 164 F3d 820 (2d Cir. 1999). Rossman v. Fleet Bank

3

(R.I.) Nat. Assn., 280 F3d 384 (3rd Cir. 2002). Under these standards the motion to dismiss should be granted.

ARGUMENT

POINT I

SINCE NORTH FORK BANCORPORATION, INC. AND
CAPITAL ONE, FINANCIAL CORP. DID NOT EMPLOY
PLAINTIFF THE MOTION TO DISMISS SHOULD BE GRANTED

Defendants submit that the documentary evidence establishes plaintiff's employment with North Fork Bank. Accordingly, claims against North Fork Bancorporation, Inc. and Capital One Financial Corporation are not well founded and should be dismissed.

Plaintiff's complaint alleges a variety of claims all arising out of an employment relationship, to wit: gender discrimination, retaliation, New York State Labor law, breach of contract, etc. Plainly none of these claims lies against an entity which did not employ plaintiff. Since North Fork Bank was plaintiff's employer, claims against North Fork Bancorporation, Inc. and Capital One Financial Corporation are without basis.

Plaintiff's employment with North Fork Bank is conclusively established. Paragraph 14 of the amended complaint alleges plaintiff's employment as a branch manager at the entity doing business as North Fork Bank. This is North Fork Bank. The exhibits to plaintiff's complaint all reflect the employer as North Fork Bank. Plaintiff's W-2 previously submitted to this Court reflects plaintiff's employer as North Fork Bank. Plaintiff's complaint to the EEOC reflects her employer as North Fork Bank and North Fork Bank's response to the EEOC concedes such employment. Plaintiff's employer was identified as North Fork Bank in open court at the pre-

motion conference. Thus, it is beyond any dispute that plaintiff was employed by North Fork Bank, a New York State chartered bank.

Since plaintiff was employed by North Fork Bank her only claim is against Capital One N.A., the successor by merger to North Fork Bank. The certificate of merger as well as the New York State Banking department document website demonstrates same. Capital One, N.A. was identified as the successor by merger at the pre-motion conference. Thus, it is beyond any dispute that Capital One, N.A. as successor by merger is the proper, and only proper party defendant in this action. Accordingly, the motion to dismiss as to North Fork Bancorporation, Inc. and Capital One, Financial Corp. (sic) should be granted.

POINT II

SINCE NO CLAIM FOR GENDER DISCRIMINATION WAS MADE WITH THE EEOC AS TO NORTH FORK BANCORPORATION, INC. AND CAPITAL ONE, FINANCIAL CORP., THE ACTION UNDER 42 U.S.C 2000e MAY NOT BE MAINTAINED AGAINST THEM

Defendants submit that the failure of plaintiff to file claims for gender discrimination and retaliation with the EEOC against North Fork Bancorporation, Inc. and Capital One, Financial Corp. (sic) precludes the assertion of such claims in this action. Accordingly, the motion to dismiss should be granted with respect to such claims.

42 U.S.C. 2000e provides, in relevant part, that it is a condition precedent to a Title VII suit that a charge of discrimination be filed with the EEOC and a right to sue letter obtained. In the instant case no such charge was filed, and no such right to sue letter issued with respect to defendants North Fork Bancorporation, Inc. and Capital One, Financial Corp. (sic). Thus, the condition precedent contained in 42 U.S.C. §2000e was not met and the claims thereunder

against North Fork Bancorporation, Inc. and Capital One, Financial Corp. (sic) should be dismissed.

### POINT III

### SINCE NO ACTION WAS TIMELY COMMENCED AGAINST NORTH FORK BANK OR CAPITAL ONE N.A. WITH RESPECT TO GENDER DISCRIMINATION UNDER 42 U.S.C. §2000e, THE MOTION TO DISMISS AS TO THESE CLAIMS SHOULD BE GRANTED

Defendants submit that the failure of plaintiff to commence an action under 42 U.S.C. §2000e for gender discrimination and retaliation within 90 days of the right to sue letter against North Fork Bank or Capital One, N.A. precludes such claims. Accordingly, the motion to dismiss as to these claims should be granted.

42 U.S.C. §2000e provides, in relevant part, that an action under Title VII must be commenced within 90 days of a right to sue letter by the EEOC. In the instant action a right to sue letter with respect to North Fork Bank was issued in December, 2007 and the action against North Fork Bank and Capital One, N.A. was not commenced until May, 2008, a period far in excess of 90 days. Accordingly, plaintiff failed to comply with the condition precedent of 42 U.S.C. §2000e and the motion to dismiss as to such claims should be granted.

Plaintiff's claims against North Fork Bank and Capital One, N.A. do not relate back to the initial filing under Federal Rules of Civil Procedure 15 and, therefore, are not timely. Under Rule 15 an amendment to a pleading relates back to the date of the original pleading when:

> "... (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has reviewed such notice of the institute of the action that the party will not be

6

> prejudiced from maintaining a defense on the merits and
> (B) knew or should have known that, but for a mistake
> concerning the identity of the proper party; the action could
> have been brought against the party"

Since the amended complaint purported to bring in entirely new defendants, three tests under Rule 15(c)(3) must be met. First, the claim must involve the same transaction. Second, North Fork Bank and Capital One N.A. must have received notice within the time set forth in Rule 4(m) such that they will not be prejudiced in mounting a defense on the merits. Third, North Fork Bank and Capital One, N.A. know or should have known within such period that the action would have been brought against them, but for a mistake concerning identity. Moreover, the amendment fails to satisfy the purpose of the rule. Plaintiff fails to meet these tests for two reasons. Accordingly, the motion to dismiss should be granted.

First, the purpose of Rule 15 (c) (3) as revealed by the Advisory Committee notes is to address "name-correcting" amendments. The genesis of the Rule was to overturn the result in Shiavone v. Fortune, 477 U.S.21, 106 SCt2379, 91 Ed2d 18(1986), where the proper defendant was served, but "misnamed". In that case the defendant – Time, Incorporated – was misnamed as "Fortune". Specifically, the Advisory Committee stated that:

> "... this paragraph has been revised to change the result in
> Schiavone v. Fortune, supra with respect to a misnamed
> defendant. An intended defendant who is notified of an
> action within the period allowed by Rule 4(m) ... for
> service of a summons and complaint may not under the
> revised rule defeat the action on account of a defect in
> pleading with respect to the defendant's name ...

In the instant case the amendment sought is not a "name-correcting" amendment as contemplated by Rule 15. Thus, the amendment does not relate back.

7

The original complaint named North Fork Bancorporation, Inc. and Capital One, Financial Corp. (sic) and alleged their corporate status. These defendants were and are entirely different corporate entities from North Fork Bank and Capital One, N.A. and the doctrine of "mis-nomer" is not applicable. <u>Lockleer v. Bergman & Bering, AB</u> 224 FRD 377 (D.Md, 2004). This situation is to be distinguished from a true "mis-nomer" situation such as that in <u>Schiavone supra</u>, or that in <u>Miller v. Northwest Region Library Board et al</u>. 348 FSupp. 563 (MDNC, 2004). There the "mis-nomer" consisted of naming "Northwest Region Library Board" rather than the "Board of Directors of the Northwest Regional Library" and such mis-nomer was found to fall squarely within Rule 15. Such is not the case here.

Second, assuming, <u>arguendo</u> that plaintiff overcomes the hurdle of "mis-nomer", nonetheless plaintiff fails to satisfy the "mistake" prong of the test. Plaintiff knowingly made a decision to name North Fork Bancorporation, Inc. and Capital One, Financial Corp. (sic) as defendants. Plaintiff did whatever due diligence she felt was appropriate in determining such defendants' corporate status and making the necessary allegations. This decision was taken notwithstanding the prior course of employment and conduct before the EEOC. Thus, the doctrine of mistake is not available to plaintiff. Accordingly, the motion to dismiss should be granted.

8

POINT IV

SINCE NORTH FORK BANK AND NORTH FORK
BANCORPORATION, INC. WERE NOT AND ARE NOT IN
EXISTENCE, THEY ARE NOT PROPER PARTY DEFENDANTS

Defendants submit that any claims against North Fork Bank and North Fork Bancorporation, Inc. are against improper parties. Accordingly, the motion to dismiss as to them should be dismissed.

The documentary evidence as outlined, supra, plainly establishes that these entities were merged into and succeeded by Capital One, N.A. and Capital One Financial Corporation respectively. Thus, they are not proper parties.

POINT V

SINCE THERE IS NO BASIS FOR FEDERAL QUESTION
JURISDICTION, THE COURT SHOULD DISMISS
THE STATE LAW CLAIMS

Defendants submit that dismissal of the sole federal question claim mandates dismissal of the supplemental state laws claims. Accordingly, the motion to dismiss should be granted.

Plaintiff has asserted federal question jurisdiction under 28 U.S.C. §1331 in invoking the jurisdiction of this Court. Jurisdiction over the state law claims is based upon 28 U.S.C. §1367. As demonstrated, supra, the federal question claims are without basis and should be dismissed. As a result of such dismissal only supplemental state law claims remain. In the absence of any federal questions jurisdiction these claims should also be dismissed, particularly at this early stage of the proceeding. 28 U.S.C. §1367(c)(3). Rossi v. Gemma, 789 F3d26 (1st Cir.2007). Accordingly, the motion to dismiss should be granted.

## CONCLUSION

The motion to dismiss is well founded since (a) no claims against North Fork Bancorporation, Inc. or Capital One Financial Corporation are viable (b) the federal question claims (42 U.S.C. §2000e) against North Fork Bank and Capital One, N.A. are time barred and (c) claims against North Fork Bank and North Fork Bancorporation are improper. Accordingly, the motion to dismiss should be granted.

Dated: Melville, New York
      May 27, 2008

                            Respectfully submitted,

                            WICKHAM, BRESSLER, GORDON & GEASA, P.C.

                            By: _____
                                Eric J. Bressler, Esq. (EB3412)
                            Attorneys for Defendants
                            275 Broad Hollow Road- Suite 111
                            Melville, New York 11747
                            (631) 249-9480
                            ebressler@wbgglaw.com
                            wwblaw@aol.com