UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

EVELYN A. JANKOUSKY,

                                  Plaintiff,

          - against -

NORTH FORK BANCORPORATION INC.,
CAPITAL ONE, FINANCIAL CORP.,
CAPITAL ONE, NATIONAL ASSOCIATION,
and NORTH FORK BANK,

                                  Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

<u>ECF CASE</u>

Case No. 08 Civ. 01858 (PAC)


PLAINTIFF'S MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS COMPLAINT


VLADECK, WALDMAN, ELIAS &
  ENGELHARD, P.C.
Attorneys for Plaintiff
1501 Broadway, Suite 800
New York, New York  10036
(212) 403-7300

252337 v1

## TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................................................ii

PRELIMINARY STATEMENT .........................................................................................1

STATEMENT OF FACTS..................................................................................................2

ARGUMENT.......................................................................................................................3

     I.     STANDARD OF REVIEW...................................................................................3

     II.    PLAINTIFF'S TITLE VII CLAIMS AGAINST CAPITAL
           ONE, NATIONAL ASSOCIATION ARE TIMELY.............................................4

     III.   THIS COURT HAS DIVERSITY JURISDICTION OVER
           PLAINTIFF'S STATE AND CITY LAW CLAIMS AGAINST
           CAPITAL ONE, N.A. ...........................................................................................7

CONCLUSION ...................................................................................................................8

# TABLE OF AUTHORITIES

## CASES

Chambers v. Time Warner, Inc.,
    282 F.3d 147 (2d Cir. 2002) ................................................................................. 3

Deaner v. Solomon, No. 02 Civ. 8772 (LAK),
    2003 WL. 1565949 (S.D.N.Y. Mar. 12, 2003) .................................................. 4

Garg v. Winterthur,
    525 F. Supp. 2d 315 (E.D.N.Y. 2007) ............................................................... 6

Goodman v. Praxair, Inc.,
    494 F.3d 458 (4th Cir. 2007) ......................................................................... 5, 6

Koal Industries Corp. v. Asland, S.A.,
    808 F. Supp. 1143 (S.D.N.Y. 1992) .................................................................. 6

Locklear v. Bergman & Beving, AB,
    224 F.R.D. 377 (D. Md. 2004) .......................................................................... 6

Locklear v. Bergman & Beving AB,
    457 F.3d 363 (4th Cir. 2006) ............................................................................. 6

Schiavone v. Fortune,
    477 U.S. 21 (1986) ............................................................................................. 5

VKK Corp. v. National Football League,
    244 F.3d 114 (2d Cir. 2001) .............................................................................. 6

## STATUTES

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2000e-17 ............. passim

28 U.S.C. § 1332(a)(1) ...................................................................................................... 7

Fed. R. Civ. P. 12(b)(6) .................................................................................................... 3

Fed. R. Civ. P. 15 ...................................................................................................... passim

New York Executive Law §§ 296-301 .............................................................................. 7

Administrative Code of the City of New York §§ 8-101-8-109 ......................................... 7

## PRELIMINARY STATEMENT

Plaintiff Evelyn Jankousky ("plaintiff" or "Jankousky") submits this memorandum in opposition to the motion to dismiss of defendants North Fork Bancorporation, Inc., Capital One, Financial Corporation, Capital One, National Association, and North Fork Bank. Jankousky claims that during her employment as a bank manager at North Fork Bank ("the Bank"), the Bank discriminated against her on the basis of her sex, failed to pay her 2006 bonus in violation of state labor law, and retaliated against her for complaining about the discrimination and illegal wage reduction. Jankousky also claims the Bank breached its contract to pay her 2006 bonus, or, in the alternative is liable under common law theories for failure to pay her 2006 bonus.

Rather than defend this action on the merits, defendants attempt to delay the litigation by claiming that Jankousky has sued the incorrect corporate entities. Defendants have insisted on making this motion to dismiss despite the Court's admonition at the pre-motion conference that such a motion appeared to be a "waste of time."[1] There is no dispute that Jankousky was a branch manager for the Bank from 2001 through March 2007. There is only an issue as to which corporate entity is the appropriate defendant. In an effort to avoid wasting time litigating this issue, plaintiff proposed to defendants that they agree to stipulate that Capital One, National Association ("Capital One, N.A.") is the corporate entity that is liable as plaintiff's employer and agree to proceed with the merits of this litigation. If defendants had agreed to this proposal, plaintiff would have amended the Complaint to name Capital One, N.A. as the only defendant. Defendants, however, rejected this proposition.

---

[1]    Transcript of Hearing before the Hon. Paul A. Crotty, 4/14/08, attached as Exhibit 1 to the accompanying Declaration of Karen Cacace in Opposition to Defendants' Motion to Dismiss Complaint, dated June 13, 2008 ("4/14/08 Tr."), at 13.

Instead, defendants have proceeded with their argument that plaintiff's claims of sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") against Capital One, N.A. are precluded because the Amended Complaint, which names Capital One, N.A. as a defendant, was filed more than 90 days after the Equal Employment Opportunity Commission ("EEOC") issued plaintiff a notice of her right to sue. This argument is meritless because pursuant to Federal Rule of Civil Procedure 15(c)(1)(c), the Amended Complaint relates back to the date of the original Complaint, in which plaintiff named North Fork Bancorporation, Inc. d/b/a North Fork Bank and Capital One Financial Corp. as defendants. Accordingly, defendants' motion to dismiss Jankousky's Title VII claims against Capital One, N.A. should be denied.

STATEMENT OF FACTS

On May 22, 2007, Jankousky filed a charge of sex discrimination and retaliation for complaining about sex discrimination with the EEOC against the Bank. (Amended Complaint ("Am. Compl.") ¶6) The Bank, through its attorney Eric Bressler, filed a position statement with the EEOC on September 19, 2007. (Affirmation in Support of Motion to Dismiss Complaint submitted by Eric Bressler, dated May 27, 2008 ("Bressler Aff."), Ex. G) On December 5, 2007, the EEOC issued Jankousky a notice informing her of her right to sue in federal court. (Am. Compl. ¶6)

According to defendants, during the pendency of the EEOC proceedings, the Bank underwent a corporate merger. North Fork Bank was a wholly owned subsidiary of North Fork Bancorporation, Inc. and North Fork Bancorporation Inc. merged into Capital One Financial Corporation. Several months later, North Fork Bank merged into Capital One, N.A., which is a wholly owned subsidiary of Capital One Financial Corporation. (Defendants' Memorandum of Law in Support of Motion to Dismiss ("Def. Mem.") at 3)

On February 25, 2008, Jankousky filed the Complaint against North Fork Bancorporation, Inc. d/b/a North Fork Bank and Capital One, Financial Corp. The defendants were represented by Eric Bressler, the same attorney who had represented North Fork Bank in the EEOC proceedings. On April 14, 2008, the Court held a pre-motion conference concerning defendants' proposed motion to dismiss. At the conference, defendants' counsel represented that Capital One, N.A. was the corporate successor to North Fork Bank. (4/14/08 Tr. at 10) Accordingly, plaintiff's counsel stated that if Capital One, N.A. admitted that it was the appropriate defendant, plaintiff would amend the Complaint to reflect that. (Id. at 12) Defendants refused the Court's proposal to resolve the matter this way.

Plaintiff filed the Amended Complaint on May 2, 2008 adding North Fork Bank and Capital One, N.A. as defendants. In a letter to defendants' counsel, dated May 20, 2008, plaintiff's counsel reiterated her position that she would dismiss all defendants except Capital One, N.A. if defendants would stipulate that Capital One, N.A. was the proper defendant and would agree to proceed with the merits of the litigation. (Bressler Aff., Ex. E) Defendants refused to do so and proceeded with this motion.

ARGUMENT

I.    STANDARD OF REVIEW

In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept "all factual allegations in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). Because plaintiff has satisfied this standard, defendants' motion to dismiss should be denied.

II.    PLAINTIFF'S TITLE VII CLAIMS AGAINST CAPITAL
       ONE, NATIONAL ASSOCIATION ARE TIMELY

       Defendants do not contend that there is any deficiency in the substantive

allegations of Jankousky's Title VII claims against Capital One, N.A.  Their only argument is

that the claims against Capital One, N.A. are time barred because the Amended Complaint was

filed more than 90 days after the EEOC issued plaintiff a notice of right to sue.  This argument is

meritless because, pursuant to Federal Rule of Civil Procedure 15(c)(1)(c), the date of the

Amended Complaint relates back to the filing date of the original Complaint for purposes of

computing timeliness.

       Federal Rule of Civil Procedure 15(c)(1)(c) provides that an amendment to a

pleading that changes the name of a party relates back to the date of the original pleading when:

              within the period provided by Rule 4(m) for serving the summons
              and complaint, the party to be brought in by amendment: (i)
              received such notice of the action that it will not be prejudiced in
              defending on the merits; and (ii) knew or should know that the
              action would have been brought against it, but for a mistake
              concerning the proper party's identity.

Each of these requirements is satisfied here.

       Defendants do not dispute that plaintiff filed the Amended Complaint, which

named Capital One, N.A. as a defendant, within 120 days of the original Complaint, thereby

satisfying Rule 4(m).  Nor does Capital One, N.A. allege that it will be prejudiced in any way in

defending this action because it was not named as a defendant in the original Complaint.  As

Capital One, N.A. admits, it was aware of plaintiff's EEOC charge, which included the substance

of her claims.  Indeed, Capital One, N.A., represented by Mr. Bressler, submitted a position

statement to the EEOC. (Bressler Aff., Ex. G)  Thus, Rule 15(c)(1)(c)(i) is satisfied.  See Deaner

v. Solomon, No. 02 Civ. 8772 (LAK), 2003 WL 1565949, at *1 (S.D.N.Y. Mar. 12, 2003)

(allowing plaintiff leave to amend complaint to add new defendant where new defendant failed to establish "that the conduct of its defense would suffer in any way as a result of any delay").

In addition, Capital One, N.A. knew or should have known that an action would be brought against it once the original Complaint was filed because Mr. Bressler represented the original defendants in this action, North Fork Bancorporation, Inc., North Fork Bank's parent company, and Capital One Financial Corporation, Capital One, N.A.'s parent company. Thus, Rule 15(c)(1)(c)(ii) is satisfied. See Goodman v. Praxair, Inc., 494 F.3d 458, 473-74 (4th Cir. 2007) (finding that due to the identify of interests between corporate entities, the notice requirement of Rule 15 was satisfied when a parent corporation was sued in the original complaint and the subsidiary sued in the amended complaint).

Despite these facts, defendants claim that Rule 15 does not apply because this case does not involve a "mis-nomer" of a defendant. (Def. Mem. at 7-8). Defendants support their argument by attempting to distinguish this case from Schiavone v. Fortune, 477 U.S. 21 (1986). (Def. Mem. at 7) Schiavone, however, involved a similar situation. In Schiavone, the plaintiffs brought libel claims concerning statements made in the magazine "Fortune." The plaintiffs in Schiavone originally named "Fortune" as the defendant, which proved to be the incorrect entity. Id. at 23. The plaintiffs later amended the complaint to name "Fortune, also known as Time, Incorporated" as the defendant. Id. The Supreme Court found the relation back doctrine did not apply. Id. at 29. Therefore, the court found that although the amended complaint correctly named Time, Incorporated as a defendant, the amended complaint was barred by the statute of limitations. Id.

In response to Schiavone, Congress amended Rule 15 to provide that "a complaint may be amended at any time to correct a formal defect like misnomer or misidentification" as

long as within the time prescribed by Rule 4(m), the newly added party receives notice of the claims. Fed. R. Civ. P. 15, 1991 Amendment, Paragraph c(3), Advisory Committee Notes. Here, as in <u>Schiavone</u>, the Amended Complaint simply changes the corporate entity named as a defendant. All of the substantive claims are the same and there is no prejudice to the newly named defendant. Thus, this is precisely the type of case that Congress intended the amended Rule 15 to apply to.

Accordingly, defendants' claim that the "relation back" doctrine does not apply to this situation is incorrect. The filing date of the original Complaint should be used for purposes of calculating the statute of limitations against Capital One, N.A. Because plaintiff filed the original Complaint within 90 days of receiving her notice of right to sue from the EEOC, plaintiff's Title VII claims against Capital One, N.A. are timely. Thus, defendants' motion to dismiss them should be denied. <u>See Goodman</u>, 494 F.3d at 475 (amended complaint naming subsidiary of parent corporation named in original complaint related back to original complaint for statutes of limitations purposes); <u>VKK Corp. v. National Football League</u>, 244 F.3d 114, 128-29 (2d Cir. 2001) (amended complaint naming Touchdown Jacksonville, Inc. as defendant related back to original complaint naming Touchdown Jacksonville, Ltd. as defendant); <u>Garg v. Winterthur</u>, 525 F. Supp. 2d 315, 317 (E.D.N.Y. 2007) (granting leave to amend complaint and summons to change name of defendant from Winterthur to Winterthur Life); <u>Koal Industries Corp. v. Asland, S.A.</u>, 808 F. Supp. 1143, 1157-58 (S.D.N.Y. 1992) (amended complaint adding officers of corporate defendant as defendants related back to original complaint).[2]

---

[2]     <u>Locklear v. Bergman & Beving, AB</u>, 224 F.R.D. 377 (D. Md. 2004), the only case cited by defendants in which the relation back doctrine did not apply, is entirely distinguishable. In <u>Locklear</u>, the plaintiff originally named Hassleholms Mekanisk AB "Hassleholms" as a defendant. <u>Id.</u> at 378. He later amended the complaint to replace Hassleholms with Luna AB and Bergman & Beving AB as defendants. <u>Id.</u> at 379. The newly named companies had no

III.    THIS COURT HAS DIVERSITY JURISDICTION OVER PLAINTIFF'S
STATE AND CITY LAW CLAIMS AGAINST CAPITAL ONE, N.A.

Defendants argue that if this Court dismisses plaintiff's Title VII claims against Capital One, N.A., it should also dismiss plaintiff's state and city law claims against Capital One, N.A. (Def. Mem. at 9)  This argument is meritless because even if, as defendants argue, plaintiff's Title VII claims against Capital One, N.A. should be dismissed, this Court would have diversity jurisdiction over plaintiff's state and city law claims against Capital One, N.A.

Jankousky is a citizen of New York and the damages associated with her claims exceeds $75,000.  According to defendants, Capital One, N.A., is the only proper corporate defendant and is a Louisiana association.  (Bressler Aff., Ex. I)  Thus, this Court has jurisdiction over plaintiff's claims of sex discrimination and retaliation for complaining about sex discrimination under the New York State Human Rights Law, New York Executive Law § 296 et seq. and the Administrative Code of the City of New York § 8-101 et seq. pursuant to 28 U.S.C. § 1332(a)(1).  Similarly, this Court has diversity jurisdiction over plaintiff's common law claims for breach of contract, or in the alternative, promissory estoppel, quantum meruit and unjust enrichment.

Accordingly, even if this Court dismissed plaintiff's Title VII claims against Capital One, N.A., defendants' motion to dismiss plaintiff's state and city law claims against Capital One, N.A. for lack of jurisdiction should be denied.

---

corporate relationship to Hassleholms.  In fact, Hassleholms, was not even a corporate entity, it was a city in Sweden where Luna and Bergman were located.  Locklear v. Bergman & Beving AB, 457 F.3d 363, 364 (4th Cir. 2006).  Because Luna and Bergman had no knowledge of the plaintiff's claims until after the plaintiff filed the amended complaint, which was after the statute of limitations expired, Rule 15 did not apply.  224 F.R.D. at 379.

CONCLUSION

For the foregoing reasons, defendants' motion to dismiss plaintiff's claims against

Capital One, N.A. should be denied.

Dated: New York, New York
      June 16, 2007

VLADECK, WALDMAN, ELIAS &
ENGELHARD, P.C.


By:         _____
             Karen Cacace (KC 3184)
             Maia Goodell (MG 8905)
             Attorneys for Plaintiff
             1501 Broadway, Suite 800
             New York, New York 10036
             (212) 403-7300