UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

EVELYN A. JANKOUSKY,

               Plaintiff,

       - against -

NORTH FORK BANCORPORATION INC.,
CAPITAL ONE, FINANCIAL CORP.,
CAPITAL ONE, NATIONAL ASSOCIATION,
and NORTH FORK BANK,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

ECF CASE

Case No. 08 Civ. 01858 (PAC)

DECLARATION OF KAREN
CACACE IN OPPOSITION
TO DEFENDANTS' MOTION
TO DISMISS COMPLAINT

KAREN CACACE, under penalty of perjury, affirms and states as follows:

1.     I am a member of Vladeck, Waldman, Elias & Engelhard, P.C., attorneys for plaintiff Evelyn Jankousky. I submit this declaration in support of plaintiff's opposition to defendants' motion to dismiss complaint.

2.     Attached as Exhibit 1 is a transcript of Hearing before the Hon. Paul A. Crotty on April 14, 2008.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 13, 2008 in New York, New York.

                             _____
                                 KAREN CACACE

# EXHIBIT 1

1                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF NEW YORK
2

3                              .    Case No. 08-cv-01858-PAC
     EVELYN A. JANKOUSKY,        .
4                                .
                     Plaintiff,  .
5                                .    New York, New York
                  vs.            .    Monday, April 14, 2008
6                                .
                                 .
7    NORTH FORK BANCORPORATION,   .
     INC., et al,                .
8                                .
                     Defendants. .
9    . . . . . . . . . . . . . . .

10                    TRANSCRIPT OF HEARING
                 BEFORE THE HONORABLE PAUL A. CROTTY
11                 UNITED STATES DISTRICT JUDGE

12   APPEARANCES:  (On the record)

13   For the Plaintiff:        Karen Cacace, Esq.
                               Maia Beth Goodell, Esq.
14                             VLADECK, WALDMAN, ELIAS
                                & ENGELHARD, P.C.
15                             1501 Broadway, Suite 800
                               New York, New York 10036
16

17   For the Defendants:       Eric J. Bressler , Esq.
                               WICKHAM, BRESSLER, GORDON,
18                              & GEASA, P.C.
                               275 Broad Hollow Road, Suite 111
19                             Melville, New York 11747

20   Audio Operator:           Electronically Recorded
                               by Court Personnel
21
     Transcription Company:    Rand Reporting & Transcription, LLC
22                             80 Broad Street, Fifth Floor
                               New York, New York 10004
23                             (212) 504-2919
                               www.randreporting.com
24
     Proceedings recorded by electronic sound recording, transcript
25   produced by transcription service.

2

1    (Proceedings commence.)

2        THE CLERK:  Your Honor, this is the matter of <u>Evelyn</u>

3    <u>Jankousky v. North Fork Bancorporation, et al</u>, Docket No. 08-

4    cv-1858.

5        Could the plaintiff please state your appearance for

6    the record?

7        MS. CACACE:  Karen Cacace from Vladeck Waldman for the

8    plaintiff Evelyn Jankousky.

9        THE COURT:  Ms. Cacace.

10       MS. CACACE:  And Maia Goodell, sir.

11       MS. GOODELL:  Maia Goodell.

12       THE COURT:  Ms. Goodell.

13       For the defendant?

14       MR. BRESSLER:  For the defendant, Wickham, Bressler,

15   Gordon & Geasa, Eric J. Bressler.

16       THE COURT:  Okay, Mr. Bressler.

17       MR. BRESSLER:  275 Broad Hollow Road, Melville, New

18   York.

19       THE COURT:  We're here on your application, Mr.

20   Bressler.

21       MR. BRESSLER:  That is correct, Your Honor.

22       THE COURT:  And I also have a response from Ms. -- is

23   it Cacace?

24       MS. CACACE:  Yes.

25       THE COURT:  Which indicates that you're wasting my

3

1    time because clearly Ms. Jankousky was employed by some entity

2    called North Fork, filed her EEOC complaint, you responded to

3    it, and you're suggesting generally that we've got the wrong

4    party here, right?

5            MR. BRESSLER:  Yes, Your Honor.

6            THE COURT:  Yeah.

7            MR. BRESSLER:  And, in fact, the documentary evidence

8    supported by the -- proffered by the plaintiff in support of

9    the response I think demonstrates that.

10           THE COURT:  Ms. Cacace.

11           MS. CACACE:  Your Honor, as we said in our letter, we

12   filed our EEOC charge against North Fork Bank, which is where

13   Ms. Jankousky worked as a branch manager on Fifth Avenue.  Her

14   W-2 form said just North Fork Bank.  The respondent in the EEOC

15   proceeding represented by Mr. Bressler responded on behalf of

16   North Fork Bank, a division of Capital One NA.

17           When we -- they filed their full position statement,

18   there was some discussion about mediation.  Mr. Bressler

19   represented them.  After we received our right to sue notice,

20   we wanted to make sure we had the right corporate parties.  We

21   did some more investigation, and it -- from the New York State

22   State Department records, we found the -- what we submitted,

23   the North Fork Bancorporation, Inc., which appeared to be doing

24   business as North Fork Bank, which was then acquired by Capital

25   One Financial Corp., so that's why we sued the parties who we

4

1    did.

2          If it is appropriate for us to sue Capital One NA,

3    which appears to be a subsidiary of Capital One Financial

4    Corp., we -- you know, we would request that the Court allow us

5    to amend the complaint to include that defendant.

6          THE COURT:  Mr. Bressler, what exactly is the object

7    of your application?  I mean, where did the plaintiff get it

8    wrong?  They named the wrong party, and because the statute of

9    limitations is past, they can't cure this defect.  Is that it?

10          MR. BRESSLER:  Well, that is one possible result of

11    the application.  However, Judge, there is more to this than

12    that.

13          THE COURT:  Where did this lady work?

14          MR. BRESSLER:  She worked at North Fork Bank.

15          THE COURT:  Okay.

16          MR. BRESSLER:  North Fork Bank then became a division

17    of Capital One NA --

18          THE COURT:  Right.

19          MR. BRESSLER:  -- National Association, and it's a

20    national bank.  To sue a Delaware-based holding company is

21    entirely improper.  It has accounting implications.  There are

22    real reasons why this is not a -- not an exercise in futility,

23    Judge.  Why those people were named I don't know.  Having gone

24    through the administrative process, and having been issued a

25    right to sue letter, I don't know the answer to that.  I don't

5

1   know whether --

2           THE COURT:  Well, the EEOC process was done by Ms.

3   Jankousky against what entity?

4           MR. BRESSLER:  North Fork Bank.

5           THE COURT:  Did you object --

6           MR. BRESSLER:  A state chartered banking corporation,

7   which then became a division of Capital One NA, a national

8   bank, and the response so indicated.  There is absolutely no

9   basis whatsoever for the lawsuit against my clients here.

10          THE COURT:  Well --

11          MR. BRESSLER:  Nor have I heard a good reason as to

12  why this was done.  Certainly --

13          THE COURT:  What is the appropriate entity for Ms.

14  Jankousky to sue?  Assuming that she was discriminated against,

15  who should she sue?

16          MR. BRESSLER:  Well, it seems to me, Judge, having

17  filed the complaint against North Fork Bank, Capital One NA

18  having responded to that, and Capital One NA existing today, I

19  would have thought, particularly given the fact that it's

20  condition-precedent, that an action would have been brought

21  against her employer, the person who appeared and defended in

22  front of the agency, not another entity.

23          And, yes, the statute would run if Your Honor

24  determined that this was not something that fell within the

25  meaning of Rule 15 and was simply a mistake.  And I've not

1  heard that there was a mistake since counsel, as well as the

2  plaintiff herself, knew very well who she worked for.

3          THE COURT:  Well, I'm not really an expert on this,

4  but this is an evolving area of law of what constitutes an

5  appropriate notice.  And you're not saying that you haven't

6  been notified, right?

7          MR. BRESSLER:  I'm sorry, Your Honor?

8          THE COURT:  You're not saying that you haven't been

9  notified or your -- not you but your client hasn't been

10  properly notified of the pendency of this EEOC matter?

11          MR. BRESSLER:  Well, as to the EEOC matter, Capital

12  One NA appeared as a defendant, absolutely.

13          THE COURT:  And that's the successor to North Fork

14  Bank?

15          MR. BRESSLER:  That is the successor to North Fork

16  Bank.

17          THE COURT:  Well, I mean, what would satisfy you?  If

18  Ms. Cacace changed the caption to Capitol One, would that

19  satisfy you?

20          MR. BRESSLER:  Well, no, Judge.

21          THE COURT:  Why not?

22          MR. BRESSLER:  Well, what would satisfy me would be a

23  dismissal.  Whether the Court is going to order that or not is

24  something else, but at a very minimum, assuming arguendo, the

25  Court is not going to engage in that sort of dismissal, it

7

1   seems to me the wrong party is before the Court, and that has

2   to be remedied one way or another.

3        THE COURT:  Well, I'm trying to figure out who is the

4   right party.

5        Ms. Cacace, can you help me on this?  Because if the

6   right party -- as Mr. Bressler suggests, I guess I have to let

7   him make his application, but I think the remedy is for you to

8   right -- name the right party, whoever the right party is.

9        MS. CACACE:  And that's what we would request leave to

10  do, Your Honor.  If the correct party is Capital One NA as a

11  separate entity, we are happy to amend the complaint to include

12  that.  I wouldn't at this initial stage want to dismiss the two

13  entities we have because the SEC documents and the New York

14  State, Division of State documents do indicate that North Fork

15  Bancorporation, Inc. is still operating.

16       And then the SEC documents filed by Capital One

17  Financial Corporation indicate that it acquired all of North

18  Fork Bancorporation in December of '06, so that's why we had

19  those parties there.  But, you know, if Capital One NA is

20  willing to admit that they are the employer and they are the

21  appropriate party, we're happy to do that.

22       THE COURT:  Mr. Bressler, you're looking frustrated.

23       MR. BRESSLER:  Well, Judge, I would have thought based

24  upon what we have just discussed here today --

25       THE COURT:  Listen, I don't mean to be -- I mean, I'm

1  not overly persnickety on these things.

2          MR. BRESSLER:  No, I understand.

3          THE COURT:  So I don't want to walk up one side and

4  have you make a lot of motions and have me study those motions

5  and come back down.  The remedy is to change the caption.

6          MR. BRESSLER:  I understand that.

7          THE COURT:  I mean, is there something substantive

8  attached to this wrongly named defendant?  I mean, is there a

9  likely possibility that by any stretch of the imagination I'm

10  going to dismiss because the time has run?

11          MR. BRESSLER:  I'm not at all --

12          THE COURT:  On a legal basis.

13          MR. BRESSLER:  Well, I'm not at all certain, Judge,

14  because I haven't heard enough here today from the plaintiff as

15  to why and how this occurred to determine whether, at least in

16  my view, the Court would be satisfied under Rule 15.  I'm a

17  little frustrated because having heard everything that the

18  Court has just heard, I'm not hearing that there's going to be

19  a voluntary dismissal against the two named defendants, and

20  that is definitely going to necessitate motion practice, and

21  everything that goes with it.  I don't believe there's a good-

22  faith basis for continuing now that we've had this discussion

23  against those two defendants.

24          THE COURT:  Ms. Jankousky was employed by -- let's go

25  through it.  Help me out here.  She was employed by your client

9

1    until when?  When was she fired?

2            MR. BRESSLER:  Well, my client who is not here today

3    since I did handle the EEOC matter.

4            THE COURT:  Who -- who was --

5            MR. BRESSLER:  She was employed by North Fork Bank,

6    and it was so admitted in the EEOC matter.

7            THE COURT:  She was employed -- there's no doubt she

8    was employed by North Fork Bank, right?

9            MR. BRESSLER:  That is so, Judge.

10           THE COURT:  And she worked for them for how many years

11   until she was terminated?

12           MR. BRESSLER:  Seven I believe, Judge.

13           MS. CACACE:  From 2001 through February of 2007.

14           THE COURT:  Until February of 2007?

15           MS. CACACE:  March.  I'm sorry, Your Honor, March of

16   2007.

17           THE COURT:  March, and then she filed an EEOC

18   complaint when?

19           MS. CACACE:  Let me just --

20           THE COURT:  Do you know, Mr. Bressler?

21           MS. CACACE:  I believe it was May of '07, Your Honor.

22           THE COURT:  May of '07, and she named in the EEOC

23   complaint?

24           MR. BRESSLER:  North Fork Bank.

25           THE COURT:  And you appeared on behalf of North Fork

1    Bank?

2            MR. BRESSLER:  Yes.

3            THE COURT:  Okay.

4            MR. BRESSLER:  And at that time it was a division of

5    Capital One NA, and was so named.

6            THE COURT:  North Fork Bank, a division of Capitol One

7    NA?

8            MR. BRESSLER:  That is correct, Judge.

9            THE COURT:  Well, then this lawsuit was filed --

10           MS. CACACE:  February 25th, Your Honor, of this year.

11           THE COURT:  -- February 25th of '08.  And your

12   complaint is that it's not in the name of North Fork, a

13   division of Capital Bank NA.  It's North Fork Bank Corporation

14   doing business as North Fork Bank and Capital One Financial

15   Corp.  Is that it, Mr. Bressler?

16           MR. BRESSLER:  That is what happened, Judge.

17           THE COURT:  Yeah.  Is that your complaint?  I mean, is

18   that what you're complaining about, that the header listing the

19   defendants is erroneous because there's a discrepancy between

20   the parties sued at the EEOC and to whom -- that was named in

21   the EEOC proceeding, which was North Fork, a division of

22   Capital Bank NA.

23           MR. BRESSLER:  My complaint is twofold.  Number one,

24   there was no association between the named defendants and this

25   particular plaintiff.  Number two, the people named in the EEOC

1    are different from the people named in the complaint.  And

2    number three, Judge, the complaint itself demonstrates through

3    several of the factual allegations in there that the plaintiff

4    knew and intended to name these people, having said that they

5    were Delaware corporations rather than a New York State

6    chartered bank or its successor, a national bank.  So my

7    complaint is they are inappropriate defendants in their

8    entirety.  And, of course, most of the allegations where I had

9    put in an answer would be met with denials.

10            THE COURT:  And would you object if the defendants

11    were North Fork, a division of Capital Bank NA?

12            MR. BRESSLER:  At this particular junction, Judge,

13    that appellation is no longer correct.  It would be Capital One

14    NA.

15            THE COURT:  Well, what are we talking about then?  If

16    Ms. Cacace named North Fork, a division of Capital Bank NA,

17    wouldn't you come into court and say, Judge, they've got the

18    wrong defendant because we've undergone a restructuring, and we

19    filed these documents with the SEC and the correct title is now

20    whatever the correct title is?

21            MR. BRESSLER:  Capital One NA, just the appellation a

22    division of, has been dropped.  I would not make objection to

23    that.  I would merely point that out to the Court and say, it

24    is Capital One NA standing alone because that's a minor name

25    change, and that would not be the proper subject I believe for

12

1   a motion practice.

2            THE COURT:  Well, if Ms. Cacace were to do that --

3            Am I pronouncing your name correctly?

4            MS. CACACE:  Yes, you are, Your Honor.

5            THE COURT:  Okay.  If Ms. Cacace were to do that, I

6   mean, would you say then it's too late because there's -- you

7   know, she's missed the time?

8            MR. BRESSLER:  In some way, shape, or form, Judge, I

9   think I would want to preserve that argument since I've not

10  heard --

11           THE COURT:  No.  I'm asking you right now.  What's

12  your answer?

13           MR. BRESSLER:  My answer?  My answer is yes, Judge, I

14  believe that that would be improper, and I believe that it's

15  time barred based on everything I've heard this morning --

16           THE COURT:  This afternoon.

17           MR. BRESSLER:  -- or this afternoon here.

18           THE COURT:  Well, you know what the rules are in the

19  Second Circuit.  I can't prevent you from making a motion,

20  although I have the distinct feeling, Mr. Bressler, with due

21  respect to your position, that it's a waste of time for me to

22  consider this motion because you're marching me up one side of

23  the hill and right down to the other.  And the remedy is to

24  rename the party that was before the EEOC and then you'll come

25  in here and tell me what the correct party is.  And we haven't

13

1    accomplished anything other than we've spun our wheels for

2    sixty or ninety days and prevented the progress of this lawsuit

3    towards its orderly conclusion, whatever that conclusion might

4    be.

5         MR. BRESSLER:  I don't think that's entirely so,

6    Judge.  I believe that the plaintiff retains the right to amend

7    her complaint.  I don't think there's any doubt about that.

8    I've not put an answer in yet, and I believe they retain that

9    right.  I think the question that the Court is putting to me,

10   without being presumptuous, is whether or not if that amendment

11   were to be made, whether I would still make an argument under

12   Federal Rule 15 as to whether or not it would be time barred.

13        And all I can say with respect to that, Judge, is that

14   having heard the comments from the bench, it is incumbent upon

15   me, if such an amendment were made, to go back to my client and

16   advise them what I think I'm hearing from the Court in that

17   regard.

18        THE COURT:  I think just there's no doubt about it,

19   you can tell your client what you're hearing from me is I

20   really believe it's not an appropriate motion.  I can't -- you

21   know, you have the absolute right to make the motion, and I

22   don't want to truncate that at all.  It's up to you.

23        MR. BRESSLER:  I understand.

24        THE COURT:  I believe it's a waste of time because I

25   think what would happen here is that we'll get the names of the

14

1    parties aligned correctly and you'll still have a valid

2    lawsuit.  We won't have lost -- I mean, the plaintiff will not

3    be out of court, so I'll give you some time to think about

4    that.

5              Ms. Cacace, are you -- do you object to amending your

6    complaint to reflect the entity that you named in the EEOC

7    matter and then have the correct name substituted?  That would

8    be the name that Mr. Bressler would provide you.

9              MS. CACACE:  If Mr. Bressler is representing that

10   Capital One NA is the correct --

11             THE COURT:  Why wouldn't you want to sue them?  You

12   want a judgment against them if you prevail.

13             MS. CACACE:  Exactly.  If that -- if he's going to

14   represent that that is the employer, we will absolutely amend

15   to reflect that.

16             THE COURT:  Right.  Right.  Do you want to take some

17   time to think about that, Mr. Bressler?

18             MR. BRESSLER:  Please, Judge.

19             THE COURT:  Say a week's worth of time?  Then if you

20   want to make the motion, then I can't stop you.

21             MR. BRESSLER:  I understand, judge.

22             THE COURT:  You know, you get a hold of Ms. Cacace and

23   agree upon a motion schedule.  Bring it on relatively promptly

24   because I don't want to delay the matter.  I don't think -- I

25   think it's extraordinarily unlikely that it would be granted.

1    I haven't seen your papers yet so it's not a foregone

2    conclusion.  But if you decide to allow -- Ms. Cacace decides

3    to amend her complaint under Rule 15, then I would appreciate

4    the parties submitting a civil case management plan so we can

5    get started with this lawsuit.  And when you do that, I'll fill

6    in a date for our next conference.

7         Okay.  See you in a week's time, Mr. Bressler, and

8    you'll let Ms. Cacace know.  And if you decide to proceed with

9    the motion, which is your right to do it, make it a prompt

10   motion.

11        MR. BRESSLER:  Yes, Judge.

12        THE COURT:  And so we can decide it promptly and get

13   on with the discovery.  If you decide not to make the motion,

14   submit a civil case management plan reflecting the parties'

15   best wishes -- best estimates as to -- and best wishes, too.

16   The best judgment as to when discovery will be commenced and

17   concluded.

18        MR. BRESSLER:  Judge, am I to understand that there is

19   going to be an amended complaint, so that I'm clear on this, or

20   not?

21        THE COURT:  I think if you tell Ms. Cacace the right

22   name, she'd be happy --

23        I don't want to put words in your mouth, Ms. Cacace.

24        MS. CACACE:  That's right, Your Honor.

25        THE COURT:  Do I have it right?

1       MS. CACACE:  Yes, absolutely.

2       THE COURT:  And if you tell Mr. Bressler who the right

3   person is -- if Mr. Bressler tells you who the right person is,

4   you would be happy to amend the caption --

5       MS. CACACE:  Yes.

6       THE COURT:  -- to reflect the correct name of the

7   person against whom the EEOC proceeding was launched?

8       MS. CACACE:  Yes.  As long as it --

9       THE COURT:  Is that --

10      MS. CACACE:  Yes.

11      THE COURT:  As long as you have that name, she will be

12  happy to substitute it.

13      MS. CACACE:  And just one other thing, Your Honor.  I

14  don't know if you have this in your file.  I'm not sure that

15  when we filed the complaint, the exhibits were attached.  So we

16  do have --

17      THE COURT:  I'll tell you.

18      MS. CACACE:  -- copies here with exhibits if --

19      THE COURT:  I have your letter of February 27th.

20      MS. CACACE:  Right.  That one I believe had the -- the

21  letter.

22      THE COURT:  It's seventeen pages signed by you.

23      MS. CACACE:  And there are no exhibits?

24      THE COURT:  No exhibits.

25      MS. CACACE:  Okay.  I have a copy here with the

1   exhibits, but I --

2           THE COURT:  I'll give this back to you.

3           MS. CACACE:  Substitute that.

4           THE COURT:  This is stamped.  I think I'll hold on to

5   the stamped copy, as well.

6           MS. CACACE:  Okay.

7           THE COURT:  Do you have an answer, Mr. --

8           MR. BRESSLER:  No.  Just let me note for the record

9   mine did not, either, and I've just been handed --

10          MS. CACACE:  I apologize.

11          MR. BRESSLER:  -- a package with exhibits attached.

12          THE COURT:  Exhibit A is the retail bank incentive

13  program and B is --

14          MS. CACACE:  This is a schedule of what Ms. Jankousky

15  was given concerning her bonus, both Exhibits B and C.

16          THE COURT:  C is blank.

17          MS. CACACE:  Blank?

18          THE COURT:  There's nothing in here for C, and D is a

19  letter from --

20          MS. CACACE:  From me.

21          THE COURT:  -- from you to John Adam Canast

22  (phonetic).

23          MS. CACACE:  Well, can I substitute again, then?

24          THE COURT:  Yeah.  Why don't you --

25          MS. CACACE:  This one has all of these.  I apologize,

18

1   Your Honor.

2           Do you have everything.

3           MR. BRESSLER:  I have something under B that looks

4   like a schedule of 10/31/06, and I have something under C that

5   looks the same.

6           MS. CACACE:  Okay.

7           MS. GOODELL:  The numbers are different when you look

8   closely.

9           THE COURT:  Well, my B and C are a little different.

10          MR. BRESSLER:  Okay.

11          THE COURT:  My B is -- shows a total incentive pool of

12  $238,000, and Exhibit C shows a total incentive pool of 82,399.

13          MR. BRESSLER:  Yes, Judge, I see that.  Okay.

14          THE COURT:  You're right that they're both year-to-

15  date actual through October 31st of 2006.

16          MS. CACACE:  Right.  Your Honor, these were two

17  different schedules that were given to Ms. Jankousky that --

18          THE COURT:  Okay.  All right.

19          MS. CACACE:  -- with the changed bonus amount for her.

20          THE COURT:  Okay.  And then the final exhibit is Ms.

21  Cacace's letter to Mr. Carast -- Canast rather of February 8,

22  2007.  I'll put that in the file.

23          MS. CACACE:  Thank you, Your Honor.

24          THE COURT:  Okay.  Anything else?

25          MS. CACACE:  No, Your Honor.  Thank you.

19

1        MR. BRESSLER:  No, Judge.  Thank you very much.

2        THE COURT:  Thank you.

3    (Proceedings concluded.)

4                              * * * * *

5                          CERTIFICATION

6        I certify that the foregoing is a correct transcript

7    from the electronic sound recording of the proceedings in the

8    above-entitled matter to the best of my knowledge and ability.

9

10   Agency Typist:  Ilene Watson

11

12

13   _Coleen Rand_

14   _____        May 5, 2008
     Coleen Rand, AAERT Cert No. 341
15   Certified Court Transcriptionist
     Rand Reporting & Transcription, LLC
16

17

18

19

20

21

22

23

24

25