UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
EVELYN A. JANKOUSKY,

                        Plaintiff,         *Index No.: 08 CV-01858(PAC)*

        -against-                       *(Judge Paul A. Crotty)*

NORTH FORK BANCORPORATION INC.,
CAPITAL ONE, FINANCIAL CORP, CAPITAL
ONE, NATIONAL ASSOCIATION, and
NORTH FORK BANK,

                        Defendants.
------------------------------------------------------------------X


**DEFENDANT'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS**


                                            WICKHAM, BRESSLER, GORDON & GEASA, P.C.
                                            Attorneys for Defendant
                                            275 Broad Hollow Road, Suite 111
                                            Melville, New York 11747

Of Counsel
Eric J. Bressler

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ................................................................................................ ii

STATEMENT OF CASE ..................................................................................................... 2

ARGUMENT

    POINT I

    SINCE PLAINTIFF HAS FAILED TO ADVANCE ANY BASIS
    FOR ITS CLAIMS AGAINST NORTH FORK BANCORPORATION, INC.,
    CAPITAL ONE FINANCIAL CORP. AND NORTH FORK BANK,
    THE MOTION TO DISMISS SHOULD BE GRANTED AS TO
    SUCH DEFENDANTS.......................................................................................... 2

    POINT II

    SINCE PLAINTIFF IS NOT ENTITLED TO RELATION
    BACK UNDER FEDERAL RULES OF CIVIL PROCEDURE 15,
    THE MOTION TO DISMISS AS TO DEFENDANT
    CAPITAL ONE, N.A. SHOULD BE GRANTED ............................................... 3

CONCLUSION ..................................................................................................................... 4

## **TABLE OF AUTHORITIES**

**PAGE**

Shiavone v. Fortune, 477 U.S.21, 106 SCt2379, 91 Ed2d 18(1986)..............................................4

## STATEMENT OF THE CASE

Defendants submit this reply memorandum in support of the motion to dismiss the complaint. The procedural history and factual background of this matter have been fully set forth in defendants' initial memorandum and will not be set forth at length herein. For the reasons set forth in defendants' initial memorandum and herein the motion to dismiss should be granted.

## ARGUMENT

### POINT I

### SINCE PLAINTIFF HAS FAILED TO ADVANCE ANY BASIS FOR ITS CLAIMS AGAINST NORTH FORK BANCORPORATION, INC., CAPITAL ONE FINANCIAL CORP. AND NORTH FORK BANK, THE MOTION TO DISMISS SHOULD BE GRANTED AS TO SUCH DEFENDANTS

Defendants submit that plaintiff has failed to advance any arguments in opposition to the motion to dismiss as to defendants North Fork Bancorporation, Inc. Capital One Financial Corp. and North Fork Bank. Accordingly, the motion to dismiss should be granted as to such defendants.

Plaintiff knew prior to the making of this motion that such defendants were improper, yet continued the action against them. Upon being requested to discontinue as to such patently improper parties, plaintiff refused, except upon condition that she obtain an advantage not otherwise available to her. Such conduct necessitated a portion of the instant motion, which plaintiff then failed to contest. Such conduct can only be deemed frivolous and designed solely to require defendants to expend time, effort and resource. Under these circumstances the motion should be granted and such relief as is appropriate awarded.

## POINT II

### SINCE PLAINTIFF IS NOT ENTITLED TO RELATION BACK UNDER FEDERAL RULES OF CIVIL PROCEDURE 15, THE MOTION TO DISMISS AS TO DEFENDANT CAPITAL ONE, N.A. SHOULD BE GRANTED

Defendants submit that the relation bank doctrine found in Federal Rules of Civil Procedure 15 does not apply to the claims against Capital One, N.A. Accordingly, the motion to dismiss should be granted as to such defendant.

In an attempt to defend against the motion, plaintiff makes two arguments. First, plaintiff argues that she falls within the literal language of Rule 15. Second, plaintiff argues that she falls within the spirit of Rule 15, as revealed by the Advisory Committee notes. As set forth below, neither of these arguments has merit. Accordingly, the motion should be granted.

In the first instance, plaintiff fails to satisfy the language of Rule 15 in that no "mistake" is present, as argued in defendant's initial memorandum. The instant case is distinguishable from all of the authority cited by plaintiff in that this action was not the first legal battle between the "parties". The procedural history reveals that an EEOC proceeding was instituted by plaintiff against Capital One, N.A.'s predecessor in interest and a right to sue letter issued with report to such entity. Thus, to argue that plaintiff made a mistake, rather than a knowing decision, is entirely disingenuous. Both plaintiff and plaintiff's attorneys had full knowledge of the identity of the parties. No evidence has been adduced to demonstrate the existence of a "mistake".

Plaintiff's cited authority all deals with situations in which the parties had no prior litigation history. In some instances, the absence of knowledge was excusable, or at least, understandable. In the instant case, however, there was a clear intent, as evidenced by the allegations in the complaint, to commence an action against the original named defendants. Thus, a critical element of Rule 15 has not been met.

Second, while acknowledging the thrust of the Advisory Committee notes to Rule 15, plaintiff fails to distinguish the instant case from such thrust such that relation bank should be permitted. <u>Shiavone v. Fortune</u>, 477 U.S.21, 106 SCt2379, 91 Ed2d 18(1986) was concededly the target of the amendments to Rule 15. However, the situation in <u>Shiavone</u>, <u>supra</u> was different from that in the instant case. There the plaintiff intended to name the publisher of Fortune magazine but due to absence of knowledge failed to do so properly. In the instant case, no such absence of knowledge existed. Thus, the type of misnomer sought to be addressed by Rule 15 is not proven here. Accordingly, the motion to dismiss should be granted.

## CONCLUSION

The motion to dismiss should be granted, without opposition, as to all defendants except Capital One, N.A. The sought relation back of the amendment joining Capital One, N.A. as a defendant fails to meet the letter and spirit of Federal Rules of Civil Procedure 15. Accordingly, the motion to dismiss should be granted as to Capital One, N.A..

Dated: Melville, New York
June 27, 2008

Respectfully submitted,

By: _____/s/_____
Eric J. Bressler(EB3412)
WICKHAM, BRESSLER, GORDON & GEASA, P.C.
Attorneys for Defendant
275 Broad Hollow Road, Suite 111
Melville, New York 11747
516/249-9480
ebressler@wbgglaw.com
wwblaw@aol.com

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
EVELYN A. JANKOUSKY,

                                  Plaintiff,         *Index No.: 08 CV-01858(PAC)*

           -against-                          *(Judge Paul A. Crotty)*

NORTH FORK BANCORPORATION INC.,
CAPITAL ONE, FINANCIAL CORP, CAPITAL
ONE, NATIONAL ASSOCIATION, and
NORTH FORK BANK,

                                Defendants.
-----------------------------------------------------------------X

## DEFENDANT'S REPLY MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO DISMISS

                                WICKHAM, BRESSLER, GORDON & GEASA, P.C.
                                Attorneys for Defendant
                                275 Broad Hollow Road, Suite 111
                                Melville, New York 11747

Of Counsel
Eric J. Bressler

## **TABLE OF CONTENTS**

                                                        **PAGE**

**TABLE OF AUTHORITIES** ......................................................................................... ii

**STATEMENT OF CASE** ............................................................................................... 2

**ARGUMENT**

      **POINT I**

      SINCE PLAINTIFF HAS FAILED TO ADVANCE ANY BASIS
      FOR ITS CLAIMS AGAINST NORTH FORK BANCORPORATION, INC.,
      CAPITAL ONE FINANCIAL CORP. AND NORTH FORK BANK,
      THE MOTION TO DISMISS SHOULD BE GRANTED AS TO
      SUCH DEFENDANTS ............................................................................................ 2

      **POINT II**

      SINCE PLAINTIFF IS NOT ENTITLED TO RELATION
      BACK UNDER FEDERAL RULES OF CIVIL PROCEDURE 15,
      THE MOTION TO DISMISS AS TO DEFENDANT
      CAPITAL ONE, N.A. SHOULD BE GRANTED ................................................... 3

**CONCLUSION** ............................................................................................................... 4

# TABLE OF AUTHORITIES

PAGE

Shiavone v. Fortune, 477 U.S.21, 106 SCt2379, 91 Ed2d 18(1986)..............................................4

## STATEMENT OF THE CASE

Defendants submit this reply memorandum in support of the motion to dismiss the complaint. The procedural history and factual background of this matter have been fully set forth in defendants' initial memorandum and will not be set forth at length herein. For the reasons set forth in defendants' initial memorandum and herein the motion to dismiss should be granted.

## ARGUMENT

### POINT I

### SINCE PLAINTIFF HAS FAILED TO ADVANCE ANY BASIS FOR ITS CLAIMS AGAINST NORTH FORK BANCORPORATION, INC., CAPITAL ONE FINANCIAL CORP. AND NORTH FORK BANK, THE MOTION TO DISMISS SHOULD BE GRANTED AS TO SUCH DEFENDANTS

Defendants submit that plaintiff has failed to advance any arguments in opposition to the motion to dismiss as to defendants North Fork Bancorporation, Inc. Capital One Financial Corp. and North Fork Bank. Accordingly, the motion to dismiss should be granted as to such defendants.

Plaintiff knew prior to the making of this motion that such defendants were improper, yet continued the action against them. Upon being requested to discontinue as to such patently improper parties, plaintiff refused, except upon condition that she obtain an advantage not otherwise available to her. Such conduct necessitated a portion of the instant motion, which plaintiff then failed to contest. Such conduct can only be deemed frivolous and designed solely to require defendants to expend time, effort and resource. Under these circumstances the motion should be granted and such relief as is appropriate awarded.

## POINT II

### SINCE PLAINTIFF IS NOT ENTITLED TO RELATION BACK UNDER FEDERAL RULES OF CIVIL PROCEDURE 15, THE MOTION TO DISMISS AS TO DEFENDANT CAPITAL ONE, N.A. SHOULD BE GRANTED

Defendants submit that the relation bank doctrine found in Federal Rules of Civil Procedure 15 does not apply to the claims against Capital One, N.A. Accordingly, the motion to dismiss should be granted as to such defendant.

In an attempt to defend against the motion, plaintiff makes two arguments. First, plaintiff argues that she falls within the literal language of Rule 15. Second, plaintiff argues that she falls within the spirit of Rule 15, as revealed by the Advisory Committee notes. As set forth below, neither of these arguments has merit. Accordingly, the motion should be granted.

In the first instance, plaintiff fails to satisfy the language of Rule 15 in that no "mistake" is present, as argued in defendant's initial memorandum. The instant case is distinguishable from all of the authority cited by plaintiff in that this action was not the first legal battle between the "parties". The procedural history reveals that an EEOC proceeding was instituted by plaintiff against Capital One, N.A.'s predecessor in interest and a right to sue letter issued with report to such entity. Thus, to argue that plaintiff made a mistake, rather than a knowing decision, is entirely disingenuous. Both plaintiff and plaintiff's attorneys had full knowledge of the identity of the parties. No evidence has been adduced to demonstrate the existence of a "mistake".

Plaintiff's cited authority all deals with situations in which the parties had no prior litigation history. In some instances, the absence of knowledge was excusable, or at least, understandable. In the instant case, however, there was a clear intent, as evidenced by the allegations in the complaint, to commence an action against the original named defendants. Thus, a critical element of Rule 15 has not been met.

Second, while acknowledging the thrust of the Advisory Committee notes to Rule 15, plaintiff fails to distinguish the instant case from such thrust such that relation bank should be permitted. <u>Shiavone v. Fortune</u>, 477 U.S.21, 106 SCt2379, 91 Ed2d 18(1986) was concededly the target of the amendments to Rule 15. However, the situation in <u>Shiavone</u>, <u>supra</u> was different from that in the instant case. There the plaintiff intended to name the publisher of Fortune magazine but due to absence of knowledge failed to do so properly. In the instant case, no such absence of knowledge existed. Thus, the type of misnomer sought to be addressed by Rule 15 is not proven here. Accordingly, the motion to dismiss should be granted.

## **CONCLUSION**

The motion to dismiss should be granted, without opposition, as to all defendants except Capital One, N.A. The sought relation back of the amendment joining Capital One, N.A. as a defendant fails to meet the letter and spirit of Federal Rules of Civil Procedure 15. Accordingly, the motion to dismiss should be granted as to Capital One, N.A..

Dated: Melville, New York
       June 27, 2008

                                      Respectfully submitted,

                         By: _____/s/_____
                                Eric J. Bressler(EB3412)
                          WICKHAM, BRESSLER, GORDON & GEASA, P.C.
                          Attorneys for Defendant
                          275 Broad Hollow Road, Suite 111
                          Melville, New York 11747
                          516/249-9480
                          ebressler@wbgglaw.com
                          wwblaw@aol.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
EVELYN A. JANKOUSKY,

                        Plaintiff,

    - against –

NORTH FORK BANCORPORATION INC.
CAPITAL ONE, FINANCIAL CORP., CAPITAL
ONE, NATIONAL ASSOCIATION, and
NORTH FORK BANK,

                        Defendants.
-------------------------------------------------------------X

**08 Civ. 1858 (PAC)**

**_AFFIDAVIT OF SERVICE_**

STATE OF NEW YORK    )
                                ) ss.:
COUNTY OF SUFFOLK    )

        Ruby Costarella, being duly sworn, deposes and says: I am not a party to the action. I am over 18 years of age and reside in Plainview, New York. I am employed by Wickham, Bressler, Gordon & Geasa, P.C., attorneys for the Defendants.

        On June 27, 2008, I served a true copy of the **DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** in the above referenced action on the party set forth below, by depositing a true copy thereof, enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of United States Postal Service within the State of New York to:

    Karen Cacace, Esq.
    Maia Goodell, Esq.
    Vladeck, Waldman, Elias & Engelhard, P.C.
    Attorneys for Plaintiff
    1501 Broadway, Suite 800
    New York, NY 10036

                                                          _____
                                                           Ruby Costarella

Sworn to before me this
27th day of June, 2008

_____
Notary Public

MONICA D. CALIFF
Notary Public, State of New York
No. 01CA6143221
Qualified in Suffolk County
Commission Expires April 03, 2010