UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
EVELYN A. JANKOUSKY,

                Plaintiff,

- against-

NORTH FORK BANCORPORATION INC.,
CAPITAL ONE, FINANCIAL CORP, CAPITAL
ONE, NATIONAL ASSOCIATION, and
NORTH FORK BANK,

                Defendants.
----------------------------------------------------------- x

ECF CASE

Index No.: 08 CV-01858 (PAC)

AFFIDAVIT IN OPPOSITION
TO PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT
AND IN SUPPORT OF DEFENDANT'S
CROSS-MOTION FOR PARTIAL
SUMMARY JUDGMENT

Joseph Roberto, being duly sworn, deposes and says:

1. I am a senior vice president of defendant, Capital One, NA, "Bank" and occupied such office with North Fork Bank, "NFB", prior to the merger into the Bank. During the period 2006-2007 I was a division manager and directly supervised Paul Santamaria, regional manager in Manhattan, and indirectly supervised plaintiff as the manager of the Fifth Avenue branch. I make this affidavit in opposition to the plaintiff's motion for partial summary judgment and in support of the Bank's motion for partial summary judgment. I have knowledge of the facts set forth herein.

## FACTUAL BACKGROUND

2. I have reviewed the affidavits of Thomas Pfundstein and Paul Santamaria and confirm that they accurately represent the facts concerning the plaintiff's non-entitlement to incentive payment for 2006 under the 2006 Incentive Program for Branch Managers "Plan".

3. I further confirm that the acts and omissions of plaintiff as related to me and as independently known to me warranted the verbal and written warnings and eventual termination of plaintiff's employment.

## PLAINTIFF'S NON-ENTITLEMENT TO INCENTIVE

4. I concurred in the decision taken not to pay plaintiff incentive as a result of the account type change from money market to DDA of a substantial customer in plaintiff's branch as a result of Regulation D violations. The reasons for such decision are as follows: First, plaintiff did not increase deposits in her branch as a result of an account type change. Second, monies deposited in prior years earned incentive in such prior years and monies deposited in 2006 earned incentive at money market rates. Finally, the involuntary change in account type was due to persistent Regulation D violations which were suffered to exist by plaintiff. Thus, no incentive was due.

5. As to plaintiff's remaining 2006 incentive claim, the Plan provided that incentive could be suspended or forfeited in management's discretion in the event of a written warning. Plaintiff received just such a written warning with respect to her 2006 performance.

6. The fact that the formal written memorandum was dated January 9, 2007 is of no moment since the acts and omissions referenced were those of 2006. Since the incentive is not approved, earned, or paid until February, 2007, the decision to suspend was entirely proper.

7. To adopt a contrary position would result in an entirely untenable situation. Assuming, <u>arguendo</u>, acts and omissions warranting a written warning and a suspension of incentive occurring on December 31, 2006, and a written warning in early 2007 because of the inability to learn of or document the situation, an employee could escape the consequence of his or her actions. This is exactly why there was a review and approval period subsequent to the end of the year and prior to payment. As set forth above, plaintiff's acts and omission plainly warranted a written warning and suspension, which occurred shortly after her year end review.

8. Plaintiff's termination of employment was entirely justified based upon the events transpiring after January 9, 2007. The fact that there was anticipated a further review in 90 days is irrelevant, as plaintiff's conduct warranted earlier termination. The anticipated review did not create an employment contract. Again, a contrary position leads to absurd results. Had plaintiff engaged in embezzlement, there would be no reasonable expectation of continuation of employment for the full 90 days. As her conduct warranted termination, there could be no reasonable expectation of continuation of employment.

## SEX DISCRIMINATION

9. I did not take or fail to take any action with respect to plaintiff because of her sex or an objection concerning her incentive. I am not aware of anyone taking or failing to take action with respect to plaintiff because of her sex or objection concerning her incentive. I never received any complaint from plaintiff concerning perceived sex discrimination but I am now aware that plaintiff did not wish to make such a complaint with human resources and did not review the issue with Carolyn Drexel when complaining of her criticisms by Paul Santamaria. Copy of p. 163-166 of plaintiff's deposition annexed hereto and incorporated herein as Ex. A.

WHEREFORE, it is respectfully requested that the plaintiff's motion for partial summary judgment be denied and the Bank's motion for partial summary judgment be granted.

Dated: Melville, New York
       August 13, 2010

                                              Joseph Roberto

Sworn to before me this
13 day of August, 2010

_____
Notary Public

JAIME LEE GROSS
NOTARY PUBLIC-STATE OF NEW YORK
No. 01GR6135575
Qualified in Westchester County
My Commission Expires February 22, 2014