UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
EVELYN A. JANKOUSKY,

                Plaintiff,          Index No.: 08 CV-01858(PAC)

       - against-           DEFENDANT'S RESPONSE
                                                           TO PLAINTIFF'S RULE 56.1
NORTH FORK BANCORPORATION INC.,      STATEMENT
CAPITAL ONE, FINANCIAL CORP, CAPITAL
ONE, NATIONAL ASSOCIATION, and
NORTH FORK BANK,

                Defendants.
----------------------------------------------------------------X

       Defendant Capital One, NA pursuant to Local Rule 56.1(b) of the Southern District of New York, as and for its response to plaintiff's Rule 56.1(a) statement respectfully sets forth:.

1. Admit.

2. Deny, except admit that a component of North Fork Bank's business philosophy for branch manager was entrepreneurial and that North Fork Bank had an incentive compensation plan for branch managers. The incentive compensation component was by its terms neither substantial nor insubstantial but, rather, dependent upon in each case upon the facts (Santamaria deposition P 17-18, 2006 Incentive Compensation Plan for Branch Managers, "Plan").

3. Deny, except admit that plaintiff earned in 2006 base salary of $125,000. Incentive compensation under the 2006 plan would have amounted to approximately $83,000 but for plaintiff's written warning and subsequent termination of employment (Plan, Pfundstein, exhibit 23).

4. Deny, except admit that plaintiff's incentive compensation, if any, during 2006 was governed by the Plan. Actual dollar growth of accounts within the meaning

and intent of the Plan was a component (Plan, Santamaria Affidavit ¶ 10, Roberto Affidavit ¶ 4).

5. Admit the limited excerpt from the Plan. The objectives of the Plan were as relevant to this case "increasing deposits" (Plan).

6. Deny, except admit that Thomas Pfundstein so described the Plan in general terms and off the top of his head without details. (Pfundstein deposition p. 21, 22)).

7. Deny, except admit that specific formulas were a part of the Plan and were utilized, or part, for incentive calculation (Plan)

8. Admit.

9. Admit.

10. Deny, except admit that average DDA balances for 2005 were approximately $46.5 million and that average DDA balances for 2006 for the purposes of the Plan were approximately $63.26 million (Pfundstein Ex. 3)

11. Deny. (Pfundstein deposition p. 56)

12. Deny, except that theoretically the Bank earned less on IBA deposits. (Pfundstein deposition p. 50)

13. Deny, except admit that the Plan contains the cited language (Plan).

14. Admit.

15. Deny, except admit that the October scorecard reflected a potential incentive as of that date which was not consistent with the Plan. (Pfundstein Ex. 23)

16. Deny, as the figures did not represent snapshots balances (Pfundstein deposition p. 54)

17. Deny, except admit that, in general, branch incentives were distributed portionately to salary (Pfundstein deposition p. 57)

18. Deny, since plaintiff was not entitled to any incentive. (Santamaria Affidavit ¶ 15)

19. Deny, as there was no entitlement to any incentive under Pfundstein 22 (Pfunstein Affidavit ¶ 6)

20. Deny, except admit that Pfundstein was at the time in charge of administering the Plan. Admit that sometime in 2006 he noticed "large numbers that were unusual" with respect to plaintiff's running deposit and incentive compensation figures (Pfundstein deposition 88, 89).

21. Admit.

22. Deny. Bate 476. Bate 413, 414. Bate PL00034.

23. Deny, except admit that total deposit growth was not adjusted and was used to calculate incentive compensation. The total IBA/DDA deposit balance was unchanged, only the characterization and allocation to the accounts to reflect an involuntary account type change.

24. Admit.

25. Admit that the "Revised Scorecard" did not reflect the actual amount of deposits in DDA accounts at plaintiff's branch at the end of October, 2006, as these figures were on an annualized basis, not end of period (Roberto deposition p. 38, 39). Deny that the amount of DDA deposits at plaintiff's branch at the end of October, 2006 was $85,143,265. On an annualized basis after taking into account the

reclassification of accounts the proper annualized figure for DDA accounts as of October, 2006 was $58,030,680. (Roberto deposition p. 38-40). Bate 413.

26. Deny, as there was no entitlement to any incentive based on an October scorecard (Plan)

27. Deny, except admit the existence figures on the scorecards. (Pfundstein, 22, 23)

28. Deny, and assert that calculations were made after the close of the year based upon yearly averages (Pfundstein Affidavit ¶ 6)

29. Deny, and assert that the "actual" annualized amount of deposits for purposes of the Plan was $63,257,387.

30. Deny, except admit that the correct yearly average DDA balances for purposes of the Plan was $63,257.387

31. Deny, except admit the incentive compensation reflected average balances consistent with the Plan. (Pfundstein Affidavit ¶ 6) (Roberto Affidavit ¶ 4, 5)

32. Deny, except admit that plaintiff's 2006 incentive under the Plan would have been $83,456 but for the written warning.

33. Deny and assert Plaintiff's Incentive Compensation was correctly computed based upon annualized account balances reflecting the activity with respect to the account. (Pfundstein Affidavit ¶ 10-12, Santamaria Affidavit ¶ 8-13)

34. Admit.

35. Admit.

36. Deny, and assert that incentive was earned only after calculation, review and adjustment with an "as of" date of December 31. (Pfundstein Affidavit ¶ 6, Roberto Affidavit ¶ 6)

37. Admit.

38. Admit.

39. Admit.

40. Admit.

41. Deny, except as to admit that the four deponents cited so testified.

42. Deny, except some unspecified knowledge.

43. Deny, and assert that plaintiff refused to cooperate with human resources in conducting an investigation (plaintiff's deposition p. 64-66)

44. Admit.

45. Deny, except admit that the cited deponents cited so testified.

46. Deny, except admit that the deponents testified that they individually took no such steps.

Dated: Melville, New York
August 16, 2010

        Respectfully submitted,

        WICKHAM, BRESSLER, GORDON & GEASA, P.C.

        By:              /s/
            Eric J. Bressler, Esq. (EJB 3412)
            Attorneys for Defendants
            275 Broad Hollow Road, Suite 111
            Melville, New York  11747
            (631) 249-9480

TO: Maia Goodell (MG 8905)
Vladeck, Waldman, Elias & Engelhard, P.C.
Attorneys for Plaintiff
1501 Broadway, Suite 800
New York, NY 10036
(212) 403-7300